IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| CHRIS EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 5:13-cv-0070 SWW |
| | ) |
| SOUTHERN SERVICE SYSTEMS, INC. | ) |
| d/b/a SOUTHERN COLLECTION | ) |
| SYSTEM, | ) |
| | ) |
| Defendant. | ) |

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

## COMPLAINT

NOW COMES the Plaintiff, CHRIS EVANS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, SOUTHERN SERVICE SYSTEMS, INC. d/b/a SOUTHERN COLLECTION SYSTEM, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CHRIS EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Conway, County of Faulkner, State of Arkansas.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Bank of the Ozarks (hereinafter, "the Debt").

6. The Debt was for service charges and/or administrative fees Plaintiff allegedly owed relative to a personal banking account.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. SOUTHERN SERVICE SYSTEMS, INC. d/b/a SOUTHERN COLLECTION SYSTEM, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Arkansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In December 2012, prior to December 17, 2012, Plaintiff and Defendant engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

15. During the course of the aforesaid telephone conversation, Defendant told Plaintiff he could provide Defendant with his bank account information so that Plaintiff could make a payment to Defendant relative to the Debt.

16. Plaintiff and Defendant then discussed that Plaintiff would make a one (1) time postdated payment to Defendant relative to the Debt.

17. Plaintiff and Defendant discussed that Defendant would debit a one (1) time payment from Plaintiff's bank account on December 21, 2012.

18. December 21, 2012, was a date on which Plaintiff was scheduled to be paid by his employer.

19. Plaintiff wanted to set up the postdated payment with Defendant on a date when he was to receive funds from his employer so that Plaintiff could ensure he would have sufficient funds in his bank account when Defendant debited the postdated payment.

20. During the course of the aforesaid telephone conversation, Plaintiff provided Defendant with his bank account information.

21. Plaintiff and Defendant then confirmed that Plaintiff's postdated payment would be debited by Defendant from Plaintiff's bank account on December 21, 2012.

22. Plaintiff informed Defendant that he could not make a payment to Defendant prior to December 21, 2012, as Plaintiff was to receive his pay check on December 21, 2012.

23. At no time subsequent to the aforesaid telephone conversation and prior to December 17, 2012, did Plaintiff inform Defendant that he wanted to change the date of his postdated payment.

24. At no time subsequent to the aforesaid telephone conversation and prior to December 17, 2012, did Plaintiff inform Defendant that he wanted Defendant to debit funds from his bank account on December 17, 2012, as opposed to on December 21, 2012.

25. On or about December 17, 2012, upon information and belief, Defendant presented the postdated payment for deposit.

26. Despite Plaintiff's postdated payment having been scheduled to be debited from Plaintiff's account on December 21, 2012, upon information and belief, on December 17, 2012, Defendant presented the postdated payment for deposit.

27. At no time prior to December 17, 2012, did Defendant provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payment.

28. On December 17, 2012, upon information and belief, Defendant presented the postdated payment prior to the date of the previously agreed upon postdate.

29. On December 17, 2012, upon information and belief, at the time Defendant presented the postdated payment for deposit, Plaintiff did not have sufficient funds in his bank account.

30. On December 17, 2012, as a result of Plaintiff having insufficient funds in his bank account, upon information and belief, Defendant was not able to deposit the postdated payment relative to the Debt.

31. On or about December 17, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

32. Defendant and Plaintiff engaged in a telephone conversation wherein Defendant informed Plaintiff that the payment Defendant attempted to deposit had been declined.

33. Plaintiff told Defendant that his payment was scheduled to be made to Defendant on December 21, 2012, not on December 17, 2012.

34. Defendant told Plaintiff that the payment was scheduled for December 17, 2012.

35. Plaintiff reiterated to Defendant that the payment was scheduled to be made to Defendant on December 21, 2012.

36. Plaintiff further told Defendant that he knew the payment was scheduled on December 21, 2012, as that was the date on which Plaintiff was to receive a paycheck from his employer.

37. Defendant then continued to attempt to collect the Debt from Plaintiff.

38. Defendant's representation to Plaintiff that his payment was scheduled to be debited on December 17, 2012, was false, deceptive and/or misleading given that the parties agreed that Plaintiff's payment to Defendant was to be debited on December 21, 2012.

39. Defendant's conduct in attempting to debit a payment from Plaintiff prior to the parties agreed upon date of payment, in conjunction with misrepresenting to Plaintiff that date on which the postdated payment was to be taken was unfair and/or unconscionable.

40. Alternatively, in the event Defendant did not attempt to deposit the payment on December 17, 2012, Defendant's representation to Plaintiff that it attempted to deposit his payment on December 17, 2012, was false, deceptive and/or misleading given that Defendant did not carry out the aforesaid conduct.

41. Alternatively, in the event Defendant did not attempt to deposit the payment on December 17, 2012, Defendant's representation to Plaintiff that it attempted to deposit his

payment on December 17, 2012, was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant relative to the Debt.

42. Alternatively, in the event Defendant did not attempt to deposit the payment on December 17, 2012, Defendant's conduct in representing to Plaintiff that it attempted to deposit his payment on December 17, 2012, when the date of payment was not scheduled until December 21, 2012, was unfair and/or unconscionable.

43. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   d. Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

   e. Deposited or threatened to deposit a postdated check or other postdated payment instrument prior to the date on such check or instrument in violation of 15 U.S.C. §1692f(4); and,

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRIS EVANS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
CHRIS EVANS

By: _____
David M. Marco
Attorney for Plaintiff

Dated: February 27, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com